JAMES W. GRANT, Administrator, v. R. O. EDWARDS, Executor.

*Interest—Executors and Administrators.*

1. Where an administrator did not disburse all the money of the estate which he received, but there is no positive evidence that he mis-applied it, he will not be charged with interest.

2. When at the time of his removal from his office as administrator he has funds of the estate in his hands, he is chargeable with interest on such funds.

EXCEPTIONS to the report of a referee, heard at October Term, 1885, of the Supreme Court.

This case is reported in 87 N. C., 34, 90 N. C., 558, and 92 N. C., 442 and 447. At the last hearing, the Court ordered a re-reference to the clerk, and upon the filing of his report, the defendant filed exceptions thereto. Reference is made to the former reports of the case, where the facts fully appear.

*Messrs. R. B. Peebles* and *T. N. Hill,* for the plaintiff.

*Messrs. Mullen & Moore* and *Day & Zollicoffer,* for the defendant.

MERRIMON, J. The account as stated in the report of the referee made to the present term does not conform in its details

to the directions of the Court heretofore given, in several material respects. Indeed, it is so much at variance with the instructions given, that we deem it better, without passing severally upon the exceptions of the parties to it, to recommit the report, with instructions to re-state the account, in accordance with the further instructions given in this opinion, and make report to the present term.

With the view to ascertain the value of the interest of B. F. Lockhart in the estate of the testator of the plaintiff, the referee will ascertain the net value of that estate on the 25th day of June, 1865. To this end, he will first ascertain the gross value thereof as of that day. He will then deduct from that sum, all the debts due from the estate as of that day, and also the costs of administration. This will embrace commissions on the fund, no matter to whom due, and fees properly paid to counsel.

Secondly, he will ascertain the value of the life estate of B. F. Lockhart in two-thirds of the net value of the estate of the testator of the plaintiff—that is, the interest on that sum from the day mentioned, until the death of Lockhart. To this sum must be added any commissions due to Lockhart as executor. He was entitled to commissions upon collections and disbursements made by him. In ascertaining what was due him in the aggregate, he must be charged with such moneys as he received as executor, and credited with such sums of money as he properly disbursed in the payment of costs and debts against the estate. Any sum remaining in his hands and not accounted for must be deducted from the sum due to him.

It seems that he did not disburse all the money that he collected. It, however, does not appear that he misapplied any part of it while he continued to be executor. There is only ground of suspicion that he did. Under the circumstances of this case, he will not be charged with interest in this respect. But if he failed to pay the plaintiff any money remaining in his hands at the time he was removed as executor, then he must be charged with interest on that sum from the date of the removal.

Thirdly, he will ascertain what sum remained due from the testator of the defendant to the plaintiff, on the first day of the present Term, on account of the balance unpaid of the decree of November 25th, 1868, for $12,077.34.

From such balance due, must be deducted the net sum due to Lockhart ascertained as above indicated.

*It is so ordered.*